Case 1:07-cv-06258    Document 1    Filed 11/05/2007    Page 1 of 8

FILED
NOV - 5 2007
Nov 5 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. SARKAUSKAS, individually and on behalf of the class defined herein, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, | ) ) ) |
| Defendants. | ) ) |

07CV6258
JUDGE CONLON
MAG. JUDGE NOLAN

JURY DEMANDED

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.   Plaintiff Michael A. Sarkauskas brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Credit Line Recovery, Inc. and Michael D. Weis. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.   Venue and personal jurisdiction over defendants in this District is proper because defendants' collection activities impacted plaintiff here and because defendants are located here.

### PARTIES

4.   Plaintiff Michael A. Sarkauskas is an individual who resides in Chicago, IL..

1

5. Defendant Credit Line Recovery, Inc. is an Illinois corporation, formerly known as Heather E. Weis, P.C. Its sole officer is Heather E. Weis, 843 Pony Lane, Northbrook, Illinois.

6. Heather E. Weis is the daughter of Michael D. Weis and Susan Weis, who also reside at 843 Pony Lane, Northbrook, Illinois. Susan Weis is the wife of Michael D. Weis.

7. Defendant Credit Line Recovery, Inc. is engaged in the business of allegedly purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

8. Credit Line Recovery, Inc. pays an average of less than 10 cents on the dollar for the debts it claims to have purchased.

9. Defendant Credit Line Recovery, Inc. is a "debt collector" as defined in the FDCPA.

10. Most or all of the debts allegedly purchased by Credit Line Recovery, Inc. are credit card debts. A substantial number were originally issued by Chase or other entities domiciled in Delaware and whose agreements specify Delaware law.

11. Defendant Michael D. Weis is an Illinois attorney.

12. Heather E. Weis is also an Illinois attorney.

13. Defendant Michael D. Weis's practice involves the regular collection of debts originally owed to others and incurred for personal, family or household purposes, and which have been allegedly purchased by Credit Line Recovery, Inc.

14. The natural persons who act on behalf of Credit Line Recovery, Inc. are Heather E. Weis, Michael D. Weis, and Susan G. Weis.

15. Most or all of the debts which Michael D. Weis attempts to collect are credit card debts allegedly owed to Credit Line Recovery, Inc.

16. Defendant Michael D. Weis is a "debt collector" as defined in the FDCPA.

17. All actions of Michael D. Weis referred to herein were taken as authorized

agent of Credit Line Recovery, Inc.

## FACTS

18. During 2006 and 2007 defendants sought to enforce against plaintiff a purported Chase credit card agreement, allegedly purchased by Credit Line Recovery, Inc.

19. The purported agreement specified it was governed by Delaware law.

20. Defendants sought attorneys fees under the agreement.

21. The attorneys fees were for services performed by Heather E. Weis and Michael D. Weis.

22. Defendants took the following acts to obtain attorneys fees under the agreement within one year next before the filing of this action:

    a. In January 2007 defendants filed a motion for default judgment seeking attorney's fees.

    b. In June 2007 defendants filed a motion for summary judgment seeking attorney's fees.

23. Plaintiff retained counsel, defended the lawsuit, and won at trial.

24. An attorney representing himself is not entitled to attorney's fees, even if a contract or statute authorizes attorney's fees. Hamer v. Lentz, 132 Ill.2d 49, 547 N.E.2d 191 (1989); PRM Realty Group v. Wood, 02 C 3396, 2002 U.S. Dist. LEXIS 19576 (N.D.Ill., August 5, 2002). This prohibition cannot be evaded through the use of corporations or other entities controlled by the lawyer. Sokol v. Commissioner, 92 T.C. 760 (1989).

25. In recognition of this principle, most credit card agreements and statutes authorizing the conduct of credit card business authorize the recovery of attorneys fees which are incurred if the debt is placed with an attorney who is not a salaried employee of the owner of the debt.

26. This limitation is imposed by statute in Delaware, whose law is specified in many credit card agreements. 5 Del. Code §§951, 2223. Section 951 provides:

> **§ 951. Attorney's fees; costs**
>
> In the event a borrower defaults under the terms of a plan, the bank may, if the borrower's account is referred to an attorney (not a regularly salaried employee of the bank) or to a third party for collection and if the agreement governing the revolving credit plan so provides, charge and collect from the borrower a reasonable attorney's fee. In addition, following a borrower's default, the bank may, if the agreement governing the plan so provides, recover from the borrower all court, alternative dispute resolution or other collection costs (including, without limitation, fees and charges of collection agencies) actually incurred by the bank.

Section 2223 likewise provides:

> **§ 2223. Attorney's fees; costs**
>
> In the event a borrower defaults under the terms of a plan, the licensee may, if the borrower's account is referred to an attorney (not a regularly salaried employee of the licensee) or to a third party for collection and if the agreement governing the revolving credit plan so provides, charge and collect from the borrower a reasonable attorney's fee. In addition, following a borrower's default, the licensee may, if the agreement governing the plan so provides, recover from the borrower all court, alternative dispute resolution or other collection costs (including, without limitation, fees and charges of collection agencies) actually incurred by the licensee.

27.  This limitation is also imposed by the contracts of most major credit card issuers, including Capital One, Citibank, MBNA (now FIA Card Services) and Wells Fargo.

28.  These provisions have been standard since the 1970s, when the Attorney General of New York instituted legal actions against credit card issuers which attempted to collect attorney's fees in lawsuits brought by in-house legal departments. Thompson v. Chemical Bank, 84 Misc.2d 721, 375 N.Y.S.2d 729 (1975). The court held, among other things, that the lenders did not "incur" attorney's fees when they had their own personnel file lawsuits, and that their complaints seeking attorney's fees implicitly or expressly represented that they had "incurred" attorney's fees, when that was not true.

29.  Credit Line Recovery, Inc. likewise does not "incur" attorney's fees when Michael D. Weis files a lawsuit on a debt owned by Credit Line Recovery, Inc., as a result of the substantial identity of interest between them. Credit Line Recovery, Inc. has not agreed to pay money to an unrelated attorney and has not agreed to give a portion of any recovery

to an unrelated attorney.

30. This limitation precludes defendants from obtaining attorney's fees for the services of Michael D. Weis or Heather E. Weis on credit card debts owned by Credit Line Recovery, Inc. because Credit Line Recovery, Inc., is a family enterprise and Michael D. Weis, Susan G. Weis, and Heather E. Weis are the natural persons who act on its behalf.

31. Defendants have engaged in a pattern and practice of seeking attorneys fees which they are prohibited from seeking by statute, contract and law.

32. Defendants failed to disclose and concealed the relationship between Credit Line Recovery, Inc. and Michael D. Weis from debtors and courts.

## VIOLATION ALLEGED

33. By seeking attorney's fees that they were not legally entitled to obtain, defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1):

34. Section 1692e provides:

**§ 1692e.** **False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

    **(2)** **The false representation of--**

        **(A)** **the character, amount, or legal status of any debt; or**

        **(B)** **any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**

**(5)** **The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)** **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

35. Section 1692f provides:

**§ 1692f.        Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

36.    Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

37.    The class consists of (a) all natural persons (b) who had legal action taken against them by Michael D. Weis (c) on behalf of Credit Line Recovery, Inc. (d) in which attorneys fees were sought (e) where any action to demand or collect attorneys fees took place during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

38.    The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

39.    A computer search of court records shows that during the class period more than 150 cases were pending in which Michael D. Weis represented Credit Line Recovery, Inc. Attorneys fees were regularly sought in these cases.

40.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a.    Whether Credit Line Recovery, Inc. engaged in a practice of attempting to collect attorneys fees not authorized by law or contract;

    b.    Whether Michael D. Weis engaged in a practice of attempting to collect attorneys fees not authorized by law or contract;

        c.       Whether such practice violates the FDCPA.

41.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.       Statutory damages;

        b.       Attorney's fees, litigation expenses and costs of suit;

        c.       Such other or further relief as the Court deems proper.

                                                      Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Michelle R. Teggelaar  
EDELMAN, COMBS, LATTURNER  
    & GOODWIN, L.L.C.  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

                                                      Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

*/s/ Daniel A. Edelman*

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\17909\Pleading\Complaint - DAE_Pleading.wpd