IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. SARKAUSKAS, individually and on behalf of the class defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | 07 CV 6258 Judge Conlon |
| v. | ) ) | Magistrate Judge Nolan |
| CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, | ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Michael Sarkauskas respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Credit Line Recovery, Inc. and Michael D. Weis.

Plaintiff seeks to certify the classes, defined as follows: (a) all natural persons (b) who had legal action taken against them by Michael D. Weis (c) on behalf of Credit Line Recovery, Inc. (d) in which attorneys fees were sought (e) where any action to demand or collect attorneys fees took place during a period beginning on November 5, 2006 (one year prior to the filing of this action) and ending November 25, 2007 (20 days after the filing of this action).

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

**NATURE OF THE CASE**

1. Defendants are a collection lawyer (Michael D. Weis) and another entity created by the attorney's daughter for the purpose of purchasing charged-off consumer debts, including credit card debts (Credit Line Recovery, Inc.).

2. This action complains that defendants add attorney's fees to debts owned

1

by Credit Line Recovery for the services rendered by Michael D. Weis.  Under Illinois law, an attorney representing himself is not entitled to attorney's fees, even if a contract or statute authorizes attorney's fees.  Hamer v. Lentz, 132 Ill.2d 49, 547 N.E.2d 191 (1989); PRM Realty Group v. Wood, 02 C 3396, 2002 U.S. Dist. LEXIS 19576 (N.D.Ill., Aug. 5, 2002).  Federal law is the same.  Kay v. Ehrler, 499 U.S. 432 (1991).  This prohibition is made express in many credit contracts and statutes, and cannot be evaded through the use of corporations or other entities controlled by the lawyer.

**CLASS CERTIFICATION REQUIREMENTS**

3. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met with respect to each class.

4. Each class is so numerous that joinder of all members is impractical.

5. A computer search of Lexis databases (Appendix A) discloses that during the relevant period, Credit Line Recovery, Inc. was the plaintiff in over 190 collection cases (Appendix A).  Credit Line Recovery, Inc. was regularly represented by Michael D. Weis, and no one else.  (Appendix A) Defendants regularly added attorney's fees to the debts.

6. It is therefore reasonable to infer that the number of class members greatly exceeds the 40 required to satisfy the numerosity requirement.

7. Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

8. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant common questions are (a) whether Credit line Recovery, Inc. engaged in a practice of attempting to collect attorneys fees not authorized by law or contact; and (b) whether Michael D. Weis engaged in a practice of attempting to collect attorneys fees not authorized by law or contract and (c) whether such practice violates the FDCPA.

9. The only individual issue is the identification of the class members, a

matter capable of ministerial determination from defendants' records and court files.

11. 10. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

11. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (<u>Appendix B</u>) Plaintiff's counsel have sufficient resources to insure the vigorous prosecution of this action in the interests of the class members.

12. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

   b. Consumers are unlikely to recognize the violation, as one requires familiarity with the federal Communications Act and the other with the body of law prohibiting pro se attorneys from collecting fees.

   c. The practice causes substantial injury to the public.

   d. A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

13. In further support of this motion, plaintiff submits the accompanying memorandum of law.

14. Plaintiff is filing this motion at this early time because of the decision in <u>White v. Humana Health Plan, Inc.</u>, 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

        Respectfully submitted,

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4

**CERTIFICATE OF SERVICE**

       I, Daniel A. Edelman, hereby certify that on November 13, 2007, I caused to be filed the forgoing documents via the Court's CM/ECF system and caused to be sent true and accurate copies of the foregoing document via United States regular and certified mail to the following parties:

Michael D. Weis
843 Pony Lane
Northbrook, IL 60062

Credit Line Recovery
c/o Heather E. Weis
843 Pony Lane
Northbrook, IL 60062

                              s/ Daniel A. Edelman
                              Daniel A. Edelman