IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. SARKAUSKAS, individually, and on behalf of the class defined herein, <br> Plaintiff, <br> vs. <br> CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, <br> Defendants. | ) ) ) ) ) ) ) ) ) | No.  07 CV 6258 <br> Judge Conlon <br> Magistrate Judge Nolan <br><br> JURY DEMANDED |

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, by and through their attorneys, KONICEK & DILLON, P.C., and as and for their Affirmative Defenses to the Complaint and in accordance with Rule 12 of the Federal Rules of Civil Procedure state:

## COMMON FACTS

1. Credit Line Recovery, Inc. (hereinafter referred to as "CLR") is a business which purchases delinquent debts from credit card companies and brokers.

2. Pursuant to the original Credit Agreement entered into by the debtor, CLR, is within its legal rights to recover reasonable attorney's fees and costs incurred in its efforts to collect delinquent accounts from the defaulting debtors.

3. Michael D. Weis (hereinafter "Michael"), is an attorney whose law firm is hired by CLR to collect delinquent debts owned by CLR.

4. CLR is a corporation incorporated under the laws of the State of Illinois, whose shares are 100% owned by Michael's daughter, Heather Weis (hereinafter "Heather").

5. Michael is not an employee of CLR.

6. Michael is not an officer of CLR.

7. Michael has no ownership interest in CLR.

8. Michael is retained, pursuant to an attorney-client agreement, by CLR to collect delinquent accounts owned by CLR and is paid a contingency fee and is reimbursed for costs incurred in his efforts to collect debts owned by CLR.

9. Michael receives no other compensation or remuneration from CLR other than that described in Paragraph 8 above.

10. Michael A. Sarkauskas (hereinafter "Sarkauskas") was sued by CLR in the Circuit Court of Cook County for delinquent debt owned by and owed to CLR.

11. Michael was not a party to the Cook County litigation brought by CLR against Sarkauskas.

12. Pursuant to the credit card agreement upon which CLR sued Sarkauskas in Cook County State Court, CLR sought to recover reasonable attorney's fees and costs in the amount of $350.00.

13. Sarkauskas was represented by his current counsel, Daniel Edelman, in the Cook County Circuit Court action.

14. Sarkauskas answered the Complaint filed by CLR in the Circuit Court of Cook County.

15. The case was tried to a judgment which was final.

16. Sarkauskas does not dispute that the credit card agreement allows CLR to collect reasonable attorney's fees and costs.

17. Sarkauskas was never required to pay reasonable attorney's fees or costs in connection with the Cook County Circuit Court lawsuit brought by CLR against him.

## FIRST AFFIRMATIVE DEFENSE – STANDING

1-17. Defendants repeat and reallege Paragraphs 1 through 17 of Common Facts as and for Paragraphs 1 through 17 of their First Affirmative Defense as though fully set forth herein.

18. Sarkauskas did not sustain any compensable damages in connection with the Cook County Circuit Court action and, therefore, has no standing to bring this cause.

19. CLR had an absolute right to bring its lawsuit against Sarkauskas and was required to file their suit in accordance with FDCPA 28 U.S.C. §1692, et seq. in the Court in which it was filed.

20. Sarkauskas was required to defend the lawsuit in the Circuit Court regardless of whether CLR sought to recover attorney's fees and costs.

21. The costs to Sarkauskas of defending the action in the Circuit Court of Cook County was the same regardless of whether CLR sought to recover attorney's fees and costs in connection with its lawsuit to recover the delinquent debt under the terms of the original Credit Agreement.

22. Sarkauskas was required to bring his claim in the Circuit Court of Cook County action for any fees or costs he incurred as a result of any unfounded claim or cause of action that was not supported or well-grounded in fact or law.

23.  Sarkauskas did not sustain any compensable injury or damage, therefore there is no actual case or controversy for which Sarkauskas has standing to bring this Federal Court claim.

*WHEREFORE*, Defendants respectfully request that this Court enter judgment in favor of the Defendants and against the Plaintiff and that this Court further order whatever other relief that it deems just and reasonable under the circumstances including, but not limited to the reasonable attorney's fees and costs incurred by Defendants in their defense of this unfounded lawsuit.

### SECOND AFFIRMATIVE DEFENSE - FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

1-17.  Defendants repeat and reallege Paragraphs 1 though 17 of Common Facts as and for Paragraphs 1 through 17 of this their Second Affirmative Defense as though fully set forth herein.

18.  Sarkauskas, in this lawsuit, does not dispute that the Credit Agreement in the underlying State Court lawsuit allows CLR to collect reasonable attorney's fees and costs.

19.  Sarkauskas, in this lawsuit, does not dispute that CLR actually incurred attorney's fees and costs in connection with the pursuit of the delinquent debt in the State Court lawsuit.

20.  Sarkauskas' lawsuit is based upon the erroneous assertion that because Michael is related to the sole shareholder of CLR, CLR is prohibited from recovering its reasonable attorney's fees and costs incurred in seeking to recover Sarkauskas' delinquent debt owned by CLR in the State Court lawsuit.

21. Sarkauskas' lawsuit claims that CLR's attempt to recover its reasonable attorney's fees and costs in the State Court lawsuit was a violation of the FDCPA because CLR attempted to recover fees and costs it was not entitled to recover.

22. The legal premise of Sarkauskas' FDCPA cause of action is that an attorney is prohibited from recovering his or her own attorney's fees when they are collecting debt on their own behalf.

23. Michael was not representing himself in the State Court lawsuit to recover debt on behalf of CLR from Sarkauskas.

24. Michael was not an employee of CLR and has no ownership interest in CLR.

25. Michael was not a party to the original Credit Agreement, nor was he a party to the action in the Cook County Circuit Court to enforce the Credit Agreement.

26. Because Michael was not collecting a debt on his own behalf or on behalf of his law firm, Sarkauskas fails to state a cause of action for which relief can be granted by this Court.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against the Plaintiff in this matter and that this Court further order whatever other relief that it deems just and reasonable under the circumstances including, but not limited to, the reasonable attorney's fees and costs that Defendants have incurred in their defense of this unfounded lawsuit.

### THIRD AFFIRMATIVE DEFENSE – WAIVER

1-17. Defendants repeat and reallege Paragraphs 1 through 17 of the Common Facts as and for Paragraphs 1 through 17 of this their Third Affirmative Defense as though fully set forth herein.

18. The FDCPA does not regulate the content of complaints, affidavits, or other papers filed in State Court actions.

19. The issue of whether CLR should be permitted to recover reasonable attorney's fees and costs incurred through the efforts to collect a delinquent debt by Michael is a question for the Circuit Court governed by State laws.

20. Sarkauskas failed to raise this issue in the State Court action.

21. Sarkauskas has waived this issue by failing to raise it in the State Court action.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in favor of Defendants and against the Plaintiff in this matter and that this Court further order whatever other relief it deems just and reasonable under the circumstances including, but not limited to, the reasonable attorney's fees and costs incurred by Defendants in their defense of this unfounded lawsuit.

## FOURTH AFFIRMATIVE DEFENSE – ESTOPPEL

1 – 17. Defendants repeat and reallege Paragraphs 1 through 17 of the Common Facts and for Paragraphs 1 through 17 of this their Fourth Affirmative Defense as though fully set forth herein.

18. A party to a lawsuit is required to raise any and all claims and/or defense that might or would be brought in that cause of action.

19. The only Affirmative Defense raised by Sarkauskas in the State Court action was satisfaction of the debt.

20. Sarkauskas never raised any issues regarding attorney's fees or costs in either the pre-trial, trial or post-judgment stages of the State Court action.

21. Sarkauskas never raised any issue that the State Court action was bfeing brought or pursued in violation of the FDCPA.

22. The State Court action was litigated to judgment which is now final.

23. Sarkauskas is estopped from bringing this Federal Court cause of action on issues that could have been brought in the State Court lawsuit.

**WHEREFORE**, Defendants, CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, respectfully request that this Court enter judgment in favor of Defendants and against the Plaintiff, MICHAEL SARKAUSKAS, in this matter and that this Court further order whatever other relief it deems just and reasonable under the circumstances including, but not limited to, the reasonable attorney's fees and costs incurred by Defendants in their defense of this unfounded lawsuit.

Respectfully submitted,

_____
Attorney for Defendants

Daniel F. Konicek
Attorney No. 6205408
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL 60134
(630) 262-9655
MPH/cfg (Affirmative Defenses)