IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| MICHAEL A. SARKAUSKAS, individually, and on behalf of the class defined herein, | ) ) | | |
| Plaintiff, | ) | | |
| vs. | ) ) | No. | 07 CV 6258 |
| CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, | ) ) ) | | Judge Conlon Magistrate Judge Nolan |
| Defendants. | ) | | JURY DEMANDED |

## ANSWER TO COMPLAINT – CLASS ACTION

NOW COME the Defendants, CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, by and through their attorneys, KONICEK & DILLON, P.C., and for their Answer to the Complaint – Class Action, state as follows:

## INTRODUCTION

1.      Plaintiff Michael A. Sarkauskas brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Credit Line Recovery, Inc. and Michael D. Weis. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**      Plaintiff attempts to assert the scope and purpose of the FDCPA, these allegations do not set forth facts, but rather allege conclusions which require no answer thereto.

However, to the extent that they do not accurately set forth the scope and purpose of the FDCPA, Defendants deny the same.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

**ANSWER:** Defendants object to this Court's jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692(k) (FDCPA) based on the Rooker-Feldman Doctrine.

3. Venue and personal jurisdiction over defendants in this District is proper because defendants' collection activities impacted plaintiff here and because defendants are located here.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

## PARTIES

4. Plaintiff Michael A. Sarkauskas is an individual who resides in Chicago, IL.

**ANSWER:** Upon information and belief, Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant Credit Line Recovery, Inc. is an Illinois corporation formerly known as Heather E. Weis, P.C. Its sole officer is Heather E. Weis, 843 Pony Lane, Northbrook, Illinois.

**ANSWER:** Defendants admit that Credit Line Recovery, Inc. is an Illinois corporation; however, Defendants deny the remaining allegations as set forth in Paragraph 5 of the Complaint.

6.      Heather E. Weis is the daughter of Michael D. Weis and Susan Weis, who also reside at 843 Pony Lane, Northbrook, Illinois.  Susan Weis is the wife of Michael D. Weis.

**ANSWER:**    Defendants admit that Heather E. Weis is the daughter of Michael D. Weis and Susan Weis, and that Susan Weis is the wife of Michael D. Weis; however, Defendants deny that Heather E. Weis resides at the alleged address.

7.      Defendant Credit Line Recovery, Inc. is engaged in the business of allegedly purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

**ANSWER:**    Defendants admit that Credit Line Recovery, Inc. is engaged in the business of purchasing debts owed by consumers and other commercial entities to creditors and that Credit Line Recovery, Inc. retains Michael D. Weis to represent it in efforts to collect those debts.

8.      Credit Line Recovery, Inc. pays an average of less than 10 cents on the dollar for the debts it claims to have purchased.

**ANSWER:**    Defendants deny the allegations as pled in Paragraph 8 of the Complaint.

9.      Defendant Credit Line Recovery, Inc. is a "debt collector" as defined in the FDCPA.

**ANSWER:**    This paragraph alleges a legal conclusion to which no answer is required; however, to the extent that any of the allegations may be construed as asserting facts, Defendants admit that Defendant Credit Line Recovery, Inc. engages in efforts to collect on debt owned by Credit Line Recovery, Inc.

10.     Most or all of the debts allegedly purchased by Credit Line Recovery, Inc. are credit card debts.  A substantial number were originally issued by Chase or other entities domiciled in Delaware and whose agreements specify Delaware law.

**ANSWER:**     Defendants admit that the debts purchased by Credit Line Recovery, Inc. include credit card debt.  Further answering, Defendants admit that the credit card debts purchased by Credit Line Recovery, Inc. include debt on credit originally issued by Chase and other entities, some of which are domiciled in Delaware and/or whose agreements specify Delaware law.

11.     Defendant Michael D. Weis is an Illinois attorney.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     Heather E. Weis is also an Illinois attorney.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendant Michael D. Weis's practice involves the regular collection of debts originally owed to others and incurred for personal, family or household purposes, and which have been allegedly purchased by Credit Line Recovery, Inc.

**ANSWER:**     Defendants admit that Michael D. Weis' practice includes the collection of debts purchased by Credit Line Recovery, Inc.  However, to the extent Paragraph 13 implies or infers Michael D. Weis' practice is limited to the collection of retail debt or collections exclusively for Credit Line Recovery, Inc., Defendants deny those allegations.

14.     The natural persons who act on behalf of Credit Line Recovery, Inc. are Heather E. Weis, Michael D. Weis, and Susan G. Weis.

**ANSWER:**     Defendants deny the allegations as pled in Paragraph 14 of the Complaint.  However, further answering, Defendants admit that Heather E. Weis acts on behalf of Credit Line Recovery, Inc. and has retained Michael D. Weis on behalf of Credit Line Recovery, Inc. as outside counsel to undertake efforts to collect the debts purchased and owned by Credit Line Recovery, Inc.

15.     Most or all of the debts which Michael D. Weis attempts to collect are credit card debts allegedly owed to Credit Line Recovery, Inc.

**ANSWER:**     Defendant deny the allegations of Paragraph 15 of the Complaint.

16.     Defendant Michael D. Weis is a "debt collector" as defined in the FDCPA.

**ANSWER:**     The allegations of Paragraph 16 of the Complaint set forth a legal conclusion which requires no answer.  However, to the extent that any allegations set forth in Paragraph 16 of the Complaint may be construed as factual allegations, Defendants admit that Michael D. Weis' practice includes the collection of debt as outside counsel for Credit Line Recovery, Inc. and other clients similar to Credit Line Recovery, Inc.

17.     All actions of Michael D. Weis referred to herein were taken as authorized agent of Credit Line Recovery, Inc.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 17 of the Complaint as pled; however, further answering, Defendants admit that Credit Line Recovery, Inc. has retained Michael D. Weis as outside counsel to represent Credit Line Recovery, Inc. in efforts to collect on debts purchased and owned by Credit Line Recovery, Inc. and all actions

5

taken by Michael D. Weis in connection with those efforts have been authorized by Credit Line Recovery, Inc.

## FACTS

18.    During 2006 and 2007 defendants sought to enforce against plaintiff a purported Chase credit card agreement, allegedly purchased by Credit Line Recovery, Inc.

**ANSWER:**    Defendants admit the allegations set forth in Paragraph 18 of the Complaint.

19.    The purported agreement specified it was governed by Delaware law.

**ANSWER:**    The allegations set forth in Paragraph 19 of the Complaint allege the terms of a contract for which Defendants acknowledge that the contract is the best evidence of the terms set forth therein.  To the extent the allegations of Paragraph 19 of the Complaint fail to accurately reflect the express terms of the alleged credit card agreement, the Defendants deny the same.

20.    Defendants sought attorneys fees under the agreement.

**ANSWER:**    Defendants admit the allegations as set forth in Paragraph 20 of the Complaint; however, again, the allegations reference the agreement and Defendants assert that that agreement is the best evidence of the terms thereof.  To the extent the allegations of Paragraph 20 of the Complaint fail to accurately reflect the terms of the agreement, Defendants deny the same.

21.    The attorneys fees were for services performed by Heather E. Weis and Michael D. Weis.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 21 of the Complaint as pled.

22.    Defendants took the following acts to obtain attorneys fees under the agreement within one year next before the filing of this action:

      a.    In January 2007 defendants filed a motion for default judgment seeking attorney's fees.

      b.    In June 2007 defendants filed a motion for summary judgment seeking attorney's fees.

**ANSWER:**    The allegations set forth in subparagraphs (a) and (b) of Paragraph 22 of the Complaint reference pleadings filed in the underlying State Court action and those pleadings are the best evidence of the dates and matters pled in those documents filed in the State Court.  To the extent the allegations of Paragraph 22 of the Complaint fail to accurately reflect the dates and matters set forth in those pleadings, Defendants deny the same.

23.    Plaintiff retained counsel, defended the lawsuit, and won at trial

**ANSWER:**    The allegations of Paragraph 23 of Plaintiff's Complaint allege matters of record in the State Court action.  The record in that action, including the judgment entered therein following the trial, is the best evidence of what transpired in the State Court action.  However, to the extent that the allegations of Paragraph 23 "won at trial" mean that Plaintiff was not required to pay attorney's fees, interests and/or the debt being sought in the State Court action, Defendants admit the same.

24.    An attorney representing himself is not entitled to attorney's fees, even if a contract or statute authorizes attorney's fees.  *Hamer v. Lentz*, 132 Ill.2d 49, 547 N.E.2d 191 (1989); *PRM Realty Group v. Wood*, 02 C 3396, 2002 U.S. Dist. LEXIS 19576 (N.D.Ill., August 5,

2002). This prohibition cannot be evaded through the use of corporations or other entities controlled by the lawyer. *Sokol v. Commissioner*, 92 T.C. 760 (1989).

**ANSWER:** The allegations set forth in Paragraph 24 of the Complaint are not factual, but instead appear to be an attempt by Plaintiff to set forth case law in the State of Illinois which would not require an answer thereto. However, to the extent that the allegations set forth in Paragraph 24 imply, infer, or may be construed as accurately setting forth case law that might apply to Plaintiff's attempt to set forth a cause of action in the Complaint under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., Defendants deny that the cases cited in the Complaint by Plaintiff accurately reflect the rule of law set forth in those cases and further deny that the cases cited in Paragraph 24 have any relevance or bearing on Plaintiff's efforts to plead a cause of action under the Fair Debt Collection Practices Act. Further answering, Defendants deny that Michael D. Weis was representing himself when he appeared in the State Court collections matter on behalf of Credit Line Recovery, Inc., a separate and independent entity. Defendants further deny that Michael D. Weis has any control over Credit Line Recovery, Inc. which is an independent corporation with which Michael D. Weis is neither an employee or officer.

25.     In recognition of this principle, most credit card agreements and statutes authorizing the conduct of credit card business authorize the recovery of attorneys fees which are incurred if the debt is placed with an attorney who is not a salaried employee of the owner of the debt.

**ANSWER:** Defendants admit the allegations set forth in Paragraph 25 of the Complaint and further answering, acknowledge that the debts including that of the Plaintiff

were owned by Credit Line Recovery, Inc. and the recovery of that debt including attorney's

fees as authorized by the agreement and statute were placed by Credit Line Recovery, Inc. with

Michael D. Weis who is not a salaried employee of Credit Line Recovery, Inc.

26.    This limitation is imposed by statute in Delaware, whose law is specified in

many credit card agreements.  6 Del. Code §§951, 2223.  Section 951 provides:

§951.  Attorney's fees; costs

In the event a borrower defaults under the terms of a plan, the bank may, if the
borrower's account is referred to an attorney (not a regularly salaried employee
of the bank) or to a third party for collection and if the agreement governing the
revolving credit plan so provides, charge and collect from the borrower a
reasonable attorney's fee.  In addition, following a borrower's default, the bank
may, if the agreement governing the plan so provides, recover from the
borrower all court, alternative dispute resolution or other collection costs
(including, without limitation, fees and charges of collection agencies) actually
incurred by the bank.

Section 2223 likewise provides:

§2223.  Attorney's fees; costs

In the event a borrower defaults under the terms of a plan, the licensee may, if
the borrower's account is referred to an attorney (not a regularly salaried
employee of the licensee) or to a third party for collection and if the agreement
governing the revolving credit plan so provides, charge and collect from the
borrower a reasonable attorney's fees.  In addition, following a borrower's
default, the licensee may, if the agreement governing the plan so provides,
recover from the borrower all court, alternative dispute resolution or other
collection costs (including, without limitation, fees and charges of collection
agencies) actually incurred by the licensee.

**ANSWER:**    The allegations set forth in Paragraph 26 of the Complaint appear to

assert certain Delaware statutory language which does not require an answer.  However,

Defendants state that the Delaware statutes cited by Plaintiff in Paragraph 26 are the best

evidence of the provisions of those statutes and to the extent that Plaintiff fails to accurately quote those statutes, Defendants deny the same.

27.    This limitation is also imposed by the contracts of major credit card issuers, including Capital One, Citibank, MBNA (now FIA Card Services) and Wells Fargo.

**ANSWER:**    Upon information and belief, Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28.    These provisions have been standard since the 1970s, when the Attorney General of New York instituted legal actions against credit card issuers which attempted to collect attorney's fees in lawsuits brought by in-house legal departments. *Thompson v. Chemical Bank,* 84 Misc.2d 721, 375 N.Y.S.2d 729 (1975). The court held, among other things, that the lenders did not "incur" attorney's fees when they had their own personnel file lawsuits, and that their complaints seeking attorney's fees implicitly or expressly represented that they had "incurred" attorney's fees, when that was not true.

**ANSWER:**    Paragraph 28 sets forth case law as well as Plaintiff's interpretation of the reason the Attorney General of New York instituted legal action back in the 70's which is not based upon fact, nor alleges facts, which would require an answer thereto. However, to the extent any of the allegations or case law set forth in Paragraph 28 of the Complaint may be construed as somehow factual support for Plaintiff's attempt to assert a cause of action under the Fair Debt Collection Practices Act, Defendants deny each and every such allegation and further deny the application of New York law or what transpired in New York in the 70's to this matter and/or the underlying State Court action from which this matter arises.

29.    Credit Line Recovery, Inc. likewise does not "incur" attorney's fees when Michael D. Weis files a lawsuit on a debt owned by Credit Line Recovery, Inc., as a result of the substantial identity of interest between them.  Credit Line Recovery, Inc. has not agreed to pay money to an unrelated attorney and has not agreed to give a portion of any recovery to an unrelated attorney.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 29 of the Complaint.  Further answering, Defendants deny that Michael D. Weis is a salaried employee of Credit Line Recovery, Inc. or has any other interest or relationship with Credit Line Recovery, Inc.

30.    This limitation precludes defendants from obtaining attorney's fees for the services of Michael D. Weis or Heather E. Weis on credit card debts owned by Credit Line Recovery, Inc. because Credit Line Recovery, Inc., is a family enterprise and Michael D. Weis, Susan G. Weis, and Heather E. Weis are the natural persons who act on its behalf.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.    Defendants have engaged in a pattern and practice of seeking attorneys fees which they are prohibited from seeking by statute, contract and law.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.    Defendants failed to disclose and concealed the relationship between Credit Line Recovery, Inc. and Michael D. Weis from debtors and courts.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

**VIOLATION ALLEGED**

33.    By seeking attorney's fees that they were not legally entitled to obtain, defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34.    Section 1692e provides:

**§1692e.**        **False or misleading representations [Sections 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)    The false representation of - -**

   **(A)    the character, amount, or legal status of any debt; or**

   **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt . . .**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .**

**ANSWER:**    Paragraph 34 appears to set forth the provisions of §1692(e) of 15 U.S.C. 1692, et seq.  To the extent it accurately quotes that section of the Act, Defendants admit to the language as set forth.

35.    Section 1692f provides:

**§1692f.         Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law . . .**

**ANSWER:**     Paragraph 35 appears to set forth §1692(f) of 15 U.S.C. 1692, et seq.  To the extent it accurately quotes that section of the Act, Defendants admit to the language as set forth.

## CLASS ALLEGATIONS

36.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

**ANSWER:**     Defendants deny that Plaintiff has properly brought this claim in accordance with Federal Rule of Civil Procedure 23(a) and (b)(3).

37.    The class consists of (a) all natural persons (b) who had legal action taken against them by Michael D. Weis (c) on behalf of Credit Line Recovery, Inc. (d) in which attorneys fees were sought (e) where any action to demand or collect attorneys fees took place during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     The class is so numerous that joinder is impracticable.   On information and belief, there are more than 50 members of the class.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39.     A computer search of court records shows that during the class period more than 150 cases were pending in which Michael D. Weis represented Credit Line Recovery, Inc. Attorneys fees were regularly sought in these cases.

**ANSWER:**     Defendants admit the allegations set forth in Paragraph 39 of the Complaint.

40.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

     a.     Whether Credit Line Recovery, Inc. engaged in a practice of attempting to collect attorneys fees not authorized by law or contract;

     b.     Whether Michael D. Weis engaged in a practice of attempting to collect attorneys fees not authorized by law or contract;

     c.     Whether such practice violates the FDCPA.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 40 of the Complaint, including those allegations set forth in subparagraphs (a) – (c) of Paragraph 40.

41.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

**ANSWER:**     Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42.    Plaintiff will fairly and adequately represent the interests of the class members.

Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 42 of the

Complaint.

43.    A class action is superior to other alternative methods of adjudicating this

dispute.  Individual cases are not economically feasible.

**ANSWER:**    Defendants deny the allegations set forth in Paragraph 43 of the

Complaint.

*WHEREFORE*, the Defendants, CREDIT LINE RECOVERY, INC. and MICHAEL D.

WEIS, respectfully request that this Court enter judgment in favor of Defendants and against

the Plaintiff, and that this Court further order that Plaintiff reimburse Defendants their costs

associated with this litigation.

Respectfully submitted,

_____

Attorney for Defendants

Daniel F. Konicek
Attorney No. 6205408
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL  60134
(630) 262-9655
MPH/cfg (Answer)

15