IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| MICHAEL A. SARKAUSKAS, individually, and on behalf of the class defined herein, | ) ) | | |
| Plaintiff, | ) | | |
| vs. | ) ) | No. | 07 CV 6258 |
| | ) | | Judge Conlon |
| CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, | ) ) | | Magistrate Judge Nolan |
| Defendants. | ) | | JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Defendants, CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, submit the following Memorandum in Support of their Motion for Summary Judgment.

I.   **Nature of the Case.**

Credit Line Recovery, Inc. (hereinafter referred to as "CLR") is a business which purchases delinquent debts from credit card companies or through brokers. Pursuant to the original Credit Agreement entered into by the debtor, CLR is allowed to recover reasonable attorney's fees and costs in its efforts to collect delinquent accounts. Michael D. Weis (hereinafter referred to as "Michael") is an attorney hired by CLR to collect delinquent debts. CLR is owned 100% by Heather Weis (hereinafter referred to as "Heather"), the daughter of Michael Weis. Michael is not an employee of CLR. Michael is hired, pursuant to an attorney-client agreement, by CLR to collect delinquent accounts and is paid a contingency fee of 15% and is reimbursed for costs incurred in efforts to collect debts. Heather is an attorney, employed from time to time by Michael on a contract basis. Michael A. Sarkauskas (hereinafter referred to as "Sarkauskas") was sued by CLR in the Circuit Court of Cook County. CLR

retained the Law Offices of Michael Weis to collect the debt and file the suit against Sarkauskas. Pursuant to the cardholder agreement, CLR sought to recover reasonable attorney's fees and costs. The amount of fees sought in the Complaint was $350.00.

Sarkauskas answered the Complaint filed in the Circuit Court of Cook County and was defended by Daniel Edelman. In his defense, Sarkauskas contended that the charges sought to be collected under the credit card were fraudulent, i.e., they were not incurred by Sarkauskas.

Sarkauskas, in this lawsuit, does not dispute that the credit card agreement allows CLR to collect reasonable attorney's fees and costs. Rather, Sarkauskas alleges that CLR did not "incur" attorney's fees when it hired Michael to collect delinquent accounts as a "result of the substantial identity of interest between [Credit Line Recovery, Inc. and Michael D. Weis]". (Comp. ¶29). (Brackets supplied).

Sarkauskas alleges in this Complaint that this conduct violates the FDCPA, 28 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1). These sections provide, *inter alia*, that a debt collector may not use false or misleading representations as a means in connection with the collection of any debt (1692e et seq.) and that a debt collector may not use unfair or unconscionable means to collect a debt. (1692f et seq.)

II.     <u>Argument</u>.

The factual premise of Plaintiff's Complaint is that CLR is seeking to collect its own fees due to the "substantial identity of interest between [Credit Line Recovery, Inc. and Michael D. Weis]". (Comp. ¶29). The legal premise of Plaintiff's Complaint is that an attorney is prohibited from recovering his or her own attorney's fees when they are collecting a debt on their own behalf.

i. **The undisputed facts establish CLR and Michael Weis are separate and distinct entities.**

As to the first premise, the facts are not in dispute. CLR is an Illinois corporation owned exclusively by Heather. Michael is not an employee of the entity. Michael does not participate in profits, he is not a shareholder, he is not a "silent owner". Simply put, Michael's only relation to CLR is his retention as attorney for CLR. Moreover, the fact that his daughter owns CLR is not illegal, prohibited, or as baldly alleged by the Plaintiff, a "family enterprise". (Comp. ¶30).

Simply put, CLR incurs attorney's fees from an independent, unrelated attorney, Michael, when Michael collects delinquent accounts on behalf of CLR.

ii. **The law in Illinois does not prohibit a corporation from hiring an attorney who is also a family member.**

As to the second premise, Plaintiff baldly asserts in his Complaint that the award of attorney's fees to Michael under these circumstances is prohibited by "statute, contract and law". (Comp. ¶31). The law Plaintiff relies upon is contained in Paragraph 24 of his Complaint, the contract is contained in Paragraph 25 of his Complaint, and the statute is contained in Paragraph 26 of his Complaint.

First, contrary to the Plaintiff's allegation in Paragraph 24, *Hamer v. Lentz*, 132 Ill.2d 49, 547 N.E.2d 191 (1989) and *PRM Realty Group v. Wood*, 02 C 3396, 2002 W.L. 1792063 (N.D.Ill. August 5, 2002) do not stand for the proposition that a corporation is not entitled to seek legal fees incurred by a family member who is an attorney representing the corporation. *Hamer v. Lentz* was a case decided by the Illinois Supreme Court where a pro se attorney brought a Freedom of Information action ("FOIA") seeking disclosure of records relating to state pension

payments received by former members of the State legislature. The Circuit Court of Cook County directed disclosure of some of the requested information and denied plaintiff's requests for attorney's fees. The Appellate Court affirmed in part, reversed in part and remanded holding that the plaintiff was entitled to an award of fees. The Supreme Court affirmed in part and revered in part the Appellate Court. The Supreme Court held that an attorney proceeding *pro se* in action brought under the FOIA was not entitled to an award of fees under the statute. The Supreme Court explained:

> First, as we have explained, the legislative history of the Illinois Fee Provision shows that the purpose of the provision is to ensure enforcement of the FOIA. This is accomplished by removing the burden of legal fees, which might deter litigants from pursuing legitimate FOIA actions. We do not think the provision was intended as either a reward for successful plaintiffs or as a punishment against the government. [Citation omitted]. A lawyer representing himself or herself simply does not incur legal fees. Thus, legal fees do not present a barrier to a pro se lawyer seeking to obtain information.
>
> ***
>
> Finally, we think that the fear of abusive fee generation is not unreasonable.
>
> ***
>
> Nevertheless, we do not think it advisable to leave the door open for unscrupulous attorneys. . . . The most effective way to deter potential abusive fee generation is to deny fees to lawyers representing themselves.
>
> For these reasons, we hold that an attorney proceeding pro se in an action brought under the Illinois FOIA is not entitled to an award of fees under that statute. 547 N.E.2d at 197 – 198.

*PRM Realty Group* is also distinguishable for the same reason. In PRM, Judge Zagel denied a pro se attorney's request for legal fees under the Illinois Wage Act. Judge Zagel, relying upon *Hamer, supra*, concluded that the purpose of the fee-shifting provision under the

4

Wage Payment and Collection Act was similar to the FOIA. That is, there was no purpose to shift fees where an attorney represents him or herself because the legal fees would not present a barrier to a *pro se* attorney trying to enforce the Wage Act.

Neither case is applicable to the present matter before this Court. Michael was not seeking to collect fees as a *pro se* attorney attempting to enforce an Act, contract or common law action. Michael was retained by a corporation to collect a delinquent debt.

Remarkably, in this very same paragraph, Paragraph 24 of the Complaint, Plaintiff suggests to this Court that a tax case, *Sokol v. Commissioner*, 92 T.C. 760 (1989), stands for the proposition that the "prohibition cannot be evaded through the use of corporations or other entities controlled by the lawyer". Counsel for the Defendants has thoroughly examined *Sokol* and represents to this Court that no such proposition was discussed in *Sokol*. In *Sokol*, Mr. Sokol, an employee of his professional corporation, Ronald M. Sokol, P.C., represented himself and his wife in litigation against the government in order to dispute a purported tax deficiency which the government ultimately conceded. Section 7430(a) of the Internal Revenue Code authorizes an award of reasonable litigation costs to a prevailing party in a tax case. In a footnote, the court stated:

> There is a question as to whether any attorney's fees have actually been paid or incurred . . . . Mr. Sokol advised the court that he had agreed with his professional corporation to enter into a contingency fee arrangement for representation of himself and Mrs. Sokol in this case. However, in view of our disposition of this case, we need not consider whether any attorney's fees have been paid or incurred. We have held that a pro se litigant who as an attorney and/or his professional corporation cannot recover attorney's fees under Section 7430. [Citation omitted]. 92 T.C. at footnote 5.

Stated simply, there is no case law presented by the Plaintiff to support the proposition that Michael is prohibited from recovering attorney's fees for work done on behalf of CLR.

As to any contract prohibiting attorney's fees, the contract is attached to the affidavit of Heather Weis. The contract does not speak to the prohibition of attorney's fees.

Finally, as to the Delaware statute, the statutes set forth in Paragraph 26 of the Complaint are very clear, they state that attorney's fees may be recovered if the account is referred to "an attorney (not a regularly salaried employee of the bank) . . . . (Comp. ¶26).

Again, as set forth above, Michael is not an employee of CLR and, therefore, not prohibited from recovering fees.

III.    **The Fair Debt Collections Practices Act does not regulate the conduct in this case.**

The Complaint in Paragraph 22 alleges that the acts of the Defendants to obtain attorney's fees occurred during the litigation of the action brought by CLR against Sarkauskas filed in the Circuit Court of Cook County. In *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470 (2007), the plaintiff filed an action under the FDCPA against the defendant law firm for monies owed for purchases bought with a JC Penney credit card. Plaintiff was sued and admitted that she owed the amount claimed and a judgment was entered accordingly. Plaintiff did not pay, appeal, or file a bankruptcy petition. Consequently, the defendant law firm sent a citation to discover assets to a bank where plaintiff had a checking account. The bank froze the account because it was unsure which funds held in the account might be exempt under state or federal law from execution. 480 F.3d at 472. Plaintiff hired a lawyer who asserted that the entire balance was exempt because it consisted of disability payments under

6

social security. The defendant law firm chose not to contest this assertion. Thereafter, plaintiff filed an action under the FDCPA alleging that the defendants violated 15 U.S.C. §§1692e and 1692f during the state litigation. In particular, plaintiff alleged that the complaint filed in the state suit and an attached affidavit violated the FDCPA because their description of the contracts was not clear enough to enable an unsophisticated consumer to understand the relation among merchant, transaction processor, and creditor. *Id.*

The Circuit Court dismissed and the Seventh Circuit affirmed.

As to the first theory of liability, the Seventh Circuit questioned whether the Federal Act regulates the contents of complaints, affidavits and other papers filed in state court.

> This theory assumes that the federal Act regulates the contents of complaints, affidavits, and other papers filed in state court. The law firm is a debt collector, to be sure, and we held in *Thomas v. Simpson & Cybak*, 392 F.3d 914 (7th Circ. 2004) (*en banc*), that the statutory "verification notice" must precede or accompany a complaint when the creditor's law firm satisfies the definition of a debt collector. But *Thomas* did not imply that the FDCPA dictates the complaint's contents; to the contrary, we suggested (though we did not have an occasion to hold) that the state's rules of procedure, not federal law, determine which facts, and how much detail, must be included in documents filed with a clerk of court for presentation to a judge. A recent amendment nullified the holding of *Thomas*; legal pleadings no longer need be preceded or accompanied by verification notices. [Citation omitted]. Given this amendment and the limited rationale of *Thomas* itself, it is far from clear, that the FDCPA controls the contents of pleadings filed in state court. 480 F.3d at 472 – 473.

In the present case, the credit agreement indisputably allowed for the collection of attorney's fees. Those attorney's fees, as admitted in the Complaint (Paragraph 22) were sought in the underlying litigation filed by CLR against Sarkauskas in the Circuit Court of Cook County. Sarkauskas raised affirmative defenses, but failed to raise an affirmative defense that attorney's fees were prohibited under this questionable theory.

First, the FDCPA does not regulate, as suggested in *Beler*, the contents of complaints, affidavits, and other papers filed in State Court. The issue of whether CLR should be allowed to recover attorney's fees incurred through the collection of a delinquent debt by the Law Offices of Michael D. Weis is a question for the Circuit Court governed by State law.

Second, the State Court action was litigated to judgment. The only affirmative defense raised by Sarkauskas was satisfaction of the debt. Sarkauskas never raised any issue regarding the attorney's fees. Consequently, he is precluded from doing so in this case. *Beler, supra.*

IV. **Conclusion.**

**WHEREFORE**, the Defendants respectfully request that this Court enter an Order granting summary judgment in their favor and against the Plaintiff.

Respectfully submitted,

_____
Attorney for Defendants

Daniel F. Konicek
Attorney No. 6205408
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL 60134
(630) 262-9655
DFK/cfg (Memo MSJ)