IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| MICHAEL A. SARKAUSKAS, individually, and on behalf of the class defined herein, | ) ) | | |
| Plaintiff, | ) | | |
| vs. | ) | No. | 07 CV 6258 |
| | ) | | Judge Conlon |
| CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, | ) ) | | Magistrate Judge Nolan |
| Defendants. | ) | | JURY DEMANDED |

## DEFENDANTS' LR56.1 STATEMENT OF FACTS

Defendants, CREDIT LINE RECOVERY, INC. and MICHAEL D. WEIS, submit the following Statement of Facts pursuant to LR56.1(a)(3).

1. Credit Line Recovery, Inc. ("CLR") is an Illinois Corporation located in Northbrook, Illinois. (Comp., ¶5).

2. Michael Weis is an Illinois attorney. (Comp., ¶11).

3. The Plaintiff, MICHAEL SARKAUSKAS, is an individual who resides in Chicago, Illinois. (Comp., ¶4).

4. Plaintiff alleges this Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. (Comp., ¶2).

5. CLR is a business which purchases delinquent debts from credit card companies or through brokers. (Exh. 1, Affidavit of Heather Weis, ¶3, hereinafter referred to as "Exhibit 1").

6. CLR hires Michael Weis (Heather Weis' father), an attorney from time to time to collect delinquent debts. He is hired pursuant to an attorney-client agreement under which he is paid a contingency fee of 15% and is reimbursed for all advanced costs in efforts to collect debts on behalf of CLR. Michael Weis has not, nor has he ever, been an employee, shareholder or "silent owner" of CLR. (Exhibit 1, ¶4; also see , ¶5 of the Affidavit of Michael Weis hereinafter referred to as "Exhibit 2").

7. Heather Weis is also an Illinois attorney and owns a law firm, Heather E. Weis, LLC. She is employed from time to time by Attorney Michael Weis on a contract basis. (Exhibit 1, ¶5).

8. In or around June 2006, CLR purchased a delinquent credit card account from MDC Credit Corporation, a New York corporation, for good and valuable consideration. The account was a delinquent account for Michael Sarkauskas. (Exhibit 1, ¶6).

9. According to the chain of title, Michael A. Sarkauskas opened a charge account with Chase pursuant to a "Cardholder Agreement". (Exhibit 1, ¶7).

10. According to the account history, Michael A. Sarkauskas charged certain good and/or services to the account. (Exhibit 1, ¶8).

11. On or about June 2, 2005, Chase declared the account in default because Sarkauskas failed to pay one or more of the minimum monthly payments as required under the Cardholder Agreement. (Exhibit 1, ¶9).

12. Chase sold the account to MDC Credit Corporation. (Exhibit 1, ¶10).

13. CLR purchased the account. (Exhibit 1, ¶11).

2

14. CLR retained Michael Weis to collect the delinquent account. (Exhibit 1, ¶12; Exhibit 2, ¶6).

15. CLR provided Mr. Weis documentation showing that Sarkauskas opened a charge card account with Chase on or about October 11, 1995 and entered into a Cardholder Agreement. (Exhibit 2, ¶7).

16. CLR made demand on Sarkauskas to pay the balance and accumulated interest. Sarkauskas refused. (Exhibit 2, ¶11).

17. On behalf of CLR, Michael Weis filed a Complaint in the Circuit Court of Cook County against Sarkauskas. (Exhibit 2, ¶12).

18. Pursuant to the Cardholder Agreement, CLR was seeking the principal balance, interest, reasonable costs and attorney's fees in the amount of $350. (Exhibit 2, ¶13).

19. Sarkauaskas filed an Answer to the Complaint denying that he made the charges and that he owed the money. (Exhibit 1, ¶14).

20. Sarkauskas retained the law firm Edelman, Combs, Latturner & Goodwin, LLC to represent him in the lawsuit filed in the Circuit Court of Cook County. (Exhibit 2, ¶14).

21. Sarkauskas did not dispute that the credit card agreement allowed CLR to collect reasonable attorney's fees and costs. Rather, Sarkauskas contended that he did not incur the charges on the credit card. (Exhibit 2, ¶15).

22. The case was tried to a bench trial on August 15, 2007. The Court entered Judgment in favor of Sarkauskas and against CLR. (Exhibit 2, ¶16).

23.  In the Circuit Court of Cook County, Sarkauskas never claimed that the attorney's fees sought by CLR were improper or otherwise illegal. (Exhibit 2, ¶17).

Respectfully submitted,

_____
Attorney for Defendants

Daniel F. Konicek
Attorney No. 6205408
KONICEK & DILLON, P.C.
21 W. State St.
Geneva, IL  60134
(630) 262-9655
DFK/cfg (Stmt of Facts)